A party will not be heard in relation to a matter in which he is contradicted by the record.</div>

---

### BOBB v. LAMBDIN AND BENNETT.

A party who seeks to reverse the judgment of the circuit court for refusing to grant him a new trial, where all the instructions asked by him were given, must make out a case free from doubt.

Appeal from the St, Louis Court of Common Pleas,

GAMBLE AND WALKER for Appellant.

DARBY AND KNOX for Appellees.

*Opinion of the Court, delivered by Tompkins, Judge.*

Lambdin and Bennett commenced an action of assumpsit against John Bobb, John B. Bobb, and Charles Bobb, as partners in business. They obtained a judgment against Charles Bobb, which in this appeal he seeks to reverse. Charles Bobb pleaded to the action, and the plaintiffs do not prosecute their suit against John Bobb and John B. Bobb. The two first counts in the declaration are special, and demand damages of the defendant

for failing to furnish a quantity of rope according to a contract set out in those counts ; the third is a common count for money lent and advanced to, and paid, laid out and expended, &c., for the use of the defendants.

On the trial it was proved, that John B. Bobb, by the name and description of John B. Bobb & Co., of Pike county, Missouri, of the one part, and Lambdin & Bennett of Natchez, State of Mississippi, of the other, made an agreement in writing, by which John B. Bobb & Co. promised to furnish three hundred coils of bale rope of a certain weight, at seven and three-fourth cents per pound. In the course of a year the price of rope nearly doubled itself, and the defendants in the action, John B. Bobb, John Bobb, and Charles Bobb, failed to furnish the rope; and Lambdin and Bennett brought this suit. The plaintiffs proved the payment to John B. Bobb of more than five hundred dollars on account of this contract, and much evidence was given to prove a partnership of John B. Bobb, John Bobb, and Charles Bobb, in the making of rope, &c. Evidence was given of admissions on the part of John Bobb, that John B. Bobb was a partner; but there was no evidence of any admission of that fact by Charles Bobb. There was much evidence of the employment of John B. Bobb about the factory as a superintendant, and as a maker of contracts with laborers employed in the factory. The court, on motion of the defendants, instructed the jury, 1st, If they find for the defendants, they will say so in their verdict; but if they find for the plaintiffs, and assess damages for them, then they will state in their verdict, under which count in the declaration. 2d. The plaintiffs cannot recover in this action on either of the two first counts of the declaration, as neither of said counts sets forth any legal cause of action against the defendant, Charles Bobb. If the jury believe from the evidence, that John B. Bobb was the only person originally liable for the money originally advanced by the plaintiffs on account of the contract offered in evidence by them, the defendant, Charles Bobb, cannot be made liable therefor by any declarations or

promises to pay the same subsequently made by the defendant, or John Bobb, unless they shall be satisfied from the evidence that such promise was made to the plaintiffs or their agent in writing, and signed by the party to be charged, or unless the same was received to the use or benefit of the defendant.

SEPT. TERM, 1842.

Bobb
v.
Lambdin and Bennett.

And the court also further instructed the jury as follows :

This suit, as it now stands, is against Charles Bobb alone, it having been dismissed as to the other two defendants. If the jury believe that Charles Bobb was not a partner with John B. Bobb, in the firm of John B. Bobb & Co., and that Charles Bobb, or any member of the firm, received any sum or sums of money on account of, or in advance of the contract read in evidence, the jury must find for the plaintiffs as to that amount, under the third count of the declaration. If the jury believe that Charles Bobb was not a partner of John B. Bobb, but that John B. Bobb was their agent ; and that the plaintiffs advanced certain sums of money to the firm of which Charles Bobb was a member, which sums of money were received by any member of the firm, or by their authorized agent for their use, they will find for the plaintiffs for the amount of such sum of money, under the third count of the declaration.

The jury found for the plaintiffs on the third count ; assessed their damages to $383.25. Judgment was given accordingly, and a new trial was prayed for the usual reasons, and the overruling of the motion is complained of as error committed by the court of common pleas.

All the instructions asked by the defendant, Bobb, were given ; and the court even gave in his favor instructions which he did not ask. Indeed, the plaintiffs might rightfully have complained that the court instructed the jury, on the defendant's motion, that the plaintiffs could not recover in this action on either of the two first counts of the declaration.

Evidence had been given to prove a partnership of John B. Bobb, John Bobb, and Charles Bobb. That evi-

A party who seeks to reverse the judgment of the circuit court for refusing to grant him a new trial, where all the instructions asked by him were given, must make out a case free from doubt.

SEPT. TERM, dence was certainly of a character rather contradictory.
1842.    But a jury might in some cases give credit to such testi-
Bobb    mony.   Payment of more than five hundred dollars had
v.    been proved to John B. Bobb by the plaintiffs, and their
Lambdin and
Bennett.   verdict against the defendant was for a much smaller
sum.   It seems to me that the defendant has no reason to
complain, and could have had none even if they had found
a larger sum against him.   It may be very true that not
one cent of this money was received for his use or bene-
fit; it may also be true that no partnership ever existed
betwixt himself and John B. Bobb.   Yet it was owing to
his own negligence, if they were not partners, that John
B. Bobb was enabled to hold himself forth to the world
as a partner : indeed, it often happens that the communi-
ty have no other means of ascertaining who are partners
than the means furnished by the conduct of such parties.
I can see no reason for reversing the judgment of the
court of common pleas.   Its judgment is therefore af-
firmed.